NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianlee.com
PATTY W. CHEN, SBN 322992
patty.chen@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone:   (213) 622-9100
Facsimile:   (800) 622-9145

MARISA D. POULOS, SBN 197904
marisa.poulos@amerisbank.com
**AMERIS BANK**
575 Anton Boulevard, Suite 1080
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>REAL TRANSPORT, INC., a Wisconsin corporation,<br><br>　　　　　　Defendant. | Case No.:<br><br>**PLAINTIFF AMERIS BANK'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation ("Ameris" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Ameris Bank ("Ameris" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation, with its principal place of business in the State of California, County of Orange.

2. Defendant Real Transport, Inc. ("Real Transport" or "Defendant") is, and at all times relevant to this action was, a Wisconsin corporation, incorporated in Wisconsin, with its principal place of business in the County of Milwaukee, State of Wisconsin.

3. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

4. Pursuant to the Equipment Financing Agreement described herein, Defendant agreed those documents would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **General. You submit to the exclusive and mandatory jurisdiction of CA** and agree that the CA state courts and/or the United States District Court for the Central District of California, Santa Ana Division, will have exclusive and mandatory jurisdiction over any action or proceeding to enforce this Agreement or any action or proceeding arising out of this Agreement.

5. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

6. Specifically, as described above, Ameris is a citizen of the States of Georgia and California; Real Transport is a citizen of the State of Wisconsin. As such, Real Transport is not a citizen of California or Georgia, and there exists

complete diversity of citizenship between Plaintiff and Defendant. Lastly, as alleged herein, the amount in controversy exceeds $75,000.

7. <u>Venue</u>. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

8. All officers of Ameris, including all witnesses, and all of Ameris' documents are located in the State of California, County of Orange. The transactions at issue in this Action occurred in the State of California, County of Orange.

## FIRST CAUSE OF ACTION
### (Breach of Equipment Financing Agreement)
### (Against Real Transport)

9. Ameris alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

10. Prior to February 2025, Ameris is informed and believes that Real Transport initiated and engaged with UTech Global, LLC, located at 17W110 W. 22nd St., Ste. 730, Oakbrook Terrace, IL 60181 (the "Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as the "Collateral") for its business. The Equipment Vendor worked with Real Transport in the selection of the Collateral and in coordinating its delivery.

11. Thereafter, Ameris is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Real Transport's electronic credit application to Ameris and other financial institutions. Upon review, Real Transport concluded that Ameris offered agreeable terms to finance the Collateral commensurate with its requirements. Thereafter, the Equipment Vendor accumulated and submitted to Ameris the requisite signatories, documentation and financial information from Real Transport to finance the Collateral being supplied by the Equipment Vendor.

12. On or about February 26, 2025, Real Transport executed a certain written Equipment Financing Agreement No. 534061-000 (the "EFA"), under the terms of which Ameris loaned to Real Transport the sum of One Hundred and Forty Thousand Dollars and Zero Cents ($140,000.00) to finance the Collateral for its business. The EFA required Real Transport to make thirty-six (36) monthly payments of $4,614.33, payable on the 28th day of each month beginning March 28, 2025. A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

13. The last payment received by Ameris was credited toward the monthly payment due for April 28, 2025. Therefore, on or about May 28, 2025, Real Transport breached the EFA by failing to make the monthly payment due on that date. Real Transport's failure to make timely payments is a default under the terms of the EFA.

14. In accordance with the EFA, and as a proximate result of Real Transport's default thereunder, Ameris declared the entire balance of payments under the EFA to be immediately due and payable to Ameris. Therefore, there became due the sum of $147,048.87. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Real Transport.

15. Ameris has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of Real Transport.

16. As a proximate result of Real Transport's breach of the EFA, Ameris has been damaged in the sum of **$147,048.87**, plus prejudgment interest from May 28, 2025, until the entry of judgment herein.

17. Further, under the terms of the EFA, Real Transport promised to pay all costs, including reasonable attorneys' fees, incurred by Ameris in the enforcement of the EFA. Therefore, Ameris requests the Court award Ameris its reasonable attorneys' fees and costs as against Real Transport.

18. The EFA also provides Ameris the remedy of possession of the Collateral and to obtain an order that Ameris may, in accordance with applicable state law, sell the remaining Collateral and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Ameris is entitled to recover the value of the Collateral.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

**On All Causes of Action:**

1. The sum of $147,048.87;

2. Prejudgment interest from May 28, 2025, to the date of entry of judgment;

3. An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;

4. Reasonable attorneys' fees and costs;

5. Costs of suit as provided by law; and

6. Such other and further relief that the Court considers proper.

DATED: July 23, 2025                         SALISIAN | LEE LLP

By: _____
Neal S. Salisian
Jared T. Densen
Patty W. Chen

Attorneys for Plaintiff
AMERIS BANK